Cinoti RUIZ–FIGUEROA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70169.

United States Court of Appeals, Ninth Circuit.

Feb. 13, 2006.*

Feb. 21, 2006.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

144

MEMORANDUM **

Cinoti Ruiz–Figueroa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal on the ground that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

█ Ruiz–Figueroa contends that the Board violated his right to due process when it affirmed the immigration judge's finding that his voluntary departure in 1999 constituted a break in his continuous physical presence because the immigration judge did not sufficiently develop the record. We lack jurisdiction to consider this issue because Ruiz–Figueroa did not raise it before the Board and thus failed to exhaust administrative remedies. *See* 8 U.S.C. § 1252(d)(1).

█ Ruiz–Figueroa also contends that the immigration judge's finding was not supported by substantial evidence because the record does not show that his departure was under threat of deportation or removal, as required by *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). His pro se notice of appeal to the Board did exhaust administrative remedies as to this issue. *See* 8 U.S.C. § 1252(d)(1).

█ Ruiz–Figueroa testified that in 1999 he left the United States for 15 days. He testified that when he came back, immigration authorities stopped him at the border, and he signed a "voluntary return." This record shows that under *Vasquez–Lopez,* 343 F.3d at 972, Ruiz–Figuer-

oa's departure in 1999 constituted a break in his continuous presence. *Cf. Tapia v. Gonzales,* 430 F.3d at 1002–04 (9th Cir. 2005) (holding that turn-around at border does not constitute break). Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.